UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAYELENE M. KILLGORE,<br><br>                    Plaintiff,<br><br>         v.<br><br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC., *et<br>al.*,<br><br>                    Defendants. | Case No. 1:10-CV-485-BLW<br><br>**MEMORANDUM DECISION AND<br>ORDER** |

## INTRODUCTION

The Court has before it Defendant Old Republic National Title Insurance

Company's Motion to Dismiss (Dkt. 2) and Defendant M&T Bank's Motion for More

Definite Statement (Dkt. 9).

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

of the claim showing that the pleader is entitled to relief," in order to "give the defendant

fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic

Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007).  While a complaint

attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual

allegations," it must set forth "more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Id*. at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*. at 557.

In a more recent case, the Supreme Court identified two "working principles" that underlie *Twombly*. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id*. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Providing too much in the complaint may also be fatal to a plaintiff. Dismissal may be appropriate when the plaintiff has included sufficient allegations disclosing some

absolute defense or bar to recovery. *See Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n. 1 (9th Cir. 1997) (stating that "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts").

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009)(issued 2 months after *Iqbal*).[1] The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.,* 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007)(citations omitted).

## ANALYSIS

## 1.     Defendant M&T Bank's Motion for More Definite Statement

---

[1] The Court has some concern about the continued vitality of the liberal amendment policy adopted in *Harris v. Amgen*, based as it is on language in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), suggesting that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim. . .." Given *Twombly* and *Iqbal*'s rejection of the liberal pleading standards adopted by *Conley,* a question arises whether the liberal amendment policy of *Harris v Amgen* still exists. Nevertheless, the Circuit has continued to apply the liberal amendment policy even after dismissing claims for violating *Iqbal* and *Twombly*. *See Market Trading, Inc. v. AT&T Mobility, LLC*, 2010 WL 2836092 (9th Cir. July 20, 2010) (not for publication). Accordingly, the Court will continue to employ the liberal amendment policy.

Defendant M&T requests that Killgore be required to provide a more definite statement of her claims. Pursuant to Fed. R. Civ. P. 12(e), a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A motion for more definite statement must "point out the defects complained of and the details desired." Id.

M&T contends that Killgore's Complaint fails to meet the pleading standards of Fed. R. Civ. P. 8 and is replete with conclusory allegations that are not supported by sufficient factual allegations. M&T argues that Killgore has provided no facts in support of any of her claims for relief against M&T that would enable it to provide an intelligent answer. Specifically, M&T requests that Killgore provide facts particular to the Notes, the Deed(s) of Trust, the Subject Property, and the actual parties in interest. M&T states that if it breached a fiduciary duty to Killgore, then she must identify what duty M&T had and how it breached it. If the documents provided or not provided to Killgore during the loan transaction were somehow deficient, then she must allege facts particular to those documents. M&T further argues that Killgore must clarify on certain counts which "Defendants" she is alleging are at fault instead of lumping them all together.

After reviewing the Complaint, the Court agrees with M&T's arguments. In fact, it is difficult for the Court to comprehend Killgore's Complaint in its entirety. Accordingly, the Court will grant the motion for more definite statement and require Killgore file an amended complaint addressing M&T's concerns.

## 2.      Old Republic's Motion to Dismiss

Old Republic argues that Killgore has failed to allege a single act or omission on the part of Old Republic, let alone an act or omission giving rise to liability for her claims.  Old Republic also asserts that Killgore has made no claim that any other person or entity acted as an agent of Old Republic.

Old Republic is correct.  A review of Killgore's Complaint reveals no specific allegations against Old Republic.  Each claim in the Complaint makes allegations against other defendants, but nothing against Old Republic.  Killgore simply lumps Old Republic with the other defendants after asserting that Old Republic was the original trustee.

Thus, even if the Court construes all facts alleged in the Complaint in favor of Killgore, she has no valid claims against Old Republic.  Moreover, even if the Court somehow contributed the allegations against the other defendants to Old Republic, Killgore's claims fail.  As far as the Court can tell from the Complaint, all such allegations reference conduct which occurred after Old Republic was replaced by another trustee.

Because all of Killgore's claims against Old Republic stem from an allegation that Old Republic breached its duties as trustee, but Old Republic was not the trustee at the time of the alleged breach, all of Killgore's claims against Old Republic fail as a matter of law.  Killgore fails to allege any claim against Old Republic upon which relief is plausible.  Fed. R. Civ. P. 12(b)(6).  Accordingly, the Court will dismiss all claims against Old Republic.

However, as explained above, a dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).  Here, as explained above in reference to Defendant M&T's motion for more definite statement, it is difficult for the Court to comprehend Killgore's Complaint in its entirety.

Therefore, if and when Killgore amends her complaint in response to the Court's order for a more definite statement, Killgore may also amend her Complaint to clarify her claims against Old Republic.  The Court cautions Killgore, however, that in doing so she must explain how Old Republic is liable under the claims asserted against it even though it was not the trustee at the relevant time.  Or else she must explain how Old Republic was the trustee at the relevant time.  As a warning, the Court notes that the case cited by Killgore in her response brief, *Adams v. Madison Realty & Development, Inc.*, 843 F.2d 163 (3rd Cir. 1988), is neither binding on this Court nor does it stand for the proposition that the note could not be transferred without her authorization.  Thus, if Killgore intends to rely on *Adams* for the claims asserted against Old Republic in her amended complaint, she should know it will be futile.  If Killgore has no alternative basis for asserting her claims against Old Republic, which is very likely, she should accept this Court's decision to dismiss her claims against Old Republic and not include them in her amended complaint.

## ORDER

**IT IS ORDERED:**

1.     Defendant Old Republic National Title Insurance Company's Motion to Dismiss (Dkt. 2) is **GRANTED**.

2.     Defendant M&T Bank's Motion for More Definite Statement (Dkt. 9) is **GRANTED**.

3.     Plaintiff shall file her Amended Complaint within 10 days of the date of this Memorandum Decision and Order.

DATED:  **January 15, 2011**



Honorable B. Lynn Winmill
Chief U. S. District Judge