IN THE UNITED STATES COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAYELENE M. KILLGORE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a.k.a. MERS, a Delaware Corporation; GMAC MORTGAGE CORPORATION, d/b/a DITECH.COM, a Pennsylvania corporation; WELLS FARGO BANK, a corporation; M&T BANK, a corporation; NORTHWEST TRUSTEE SERVICES, LLC, a limited liability company; OLD REPUBLIC, a corporation; EXECUTIVE TRUSTEE, an individual; UNKNOWN JOHN & JANE DOES, 1-thru-30, individuals,<br><br>Defendants. | **ORDER AND MEMORANDUM**<br><br><br><br>Case No. 1:10-cv-00485<br><br>Judge Dee Benson |

Before the Court are the following motions: (1) Defendants Mortgage Electronic Systems, Inc. ("MERS") and Wells Fargo Bank, NA's ("Wells Fargo") Motion to Dismiss Pro Se Plaintiff Rayelene M. Kilgore's ("Plaintiff") Amended Complaint for Failure to State a Claim (Dkt. No. 35); (2) Defendant Northwest Trustee Services, LLC's ("NWTS") Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim (Dkt. No. 38); (3) Plaintiff's Motion to Strike

1

MERS and Wells Fargo's Memorandum in Support of their Motion to Dismiss and the Affadavit of Mr. Kenneth Howell in Support of MERS and Wells Fargo's Motion to Dismiss (Dkt. No. 48); (4) Defendant M&T Bank's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim (Dkt. No. 36); and (5) Plaintiff's Motion for Extension of Time to Respond to Defendants M&T Bank, Wells Fargo, and NWTS's motions to dismiss (Dkt. No. 44). Each motion is discussed briefly below.

## I. ANALYSIS

### A. DEFENDANTS MERS AND WELLS FARGO'S MOTION TO DISMISS

Plaintiff raises nine claims against MERS and Wells Fargo in her complaint. MERS and Wells Fargo allege that they are entitled to dismissal of all nine of Plaintiff's claims against them under Federal Rule of Civil Procedure 12(b)(6). Plaintiff's memorandum in opposition to MERS and Wells Fargo's motion appears to focus entirely on the validity of her RESPA and constitutional claims without addressing her other claims.

Having considered the briefs, arguments, and positions of the parties, the Court finds MERS and Wells Fargo's arguments persuasive. For the reasons cited in their memoranda accompanying their Motion to Dismiss, the Court hereby GRANTS MERS and Wells Fargo's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim.

### B. DEFENDANT NORTHWEST TRUSTEE SERVICE'S MOTION TO DISMISS

As with Plaintiff's complaint against MERS and Wells Fargo above, Plaintiff makes a number of claims against NWTS but focuses the entirety of her memorandum in opposition to NWTS's motion to dismiss on the validity of her RESPA and constitutional claims.

Having considered the briefs, arguments, and positions of the parties, the Court finds NWTS's arguments persuasive. For the reasons cited in its memoranda accompanying its Motion to Dismiss, the Court hereby GRANTS NWTS's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim.

In addition to its Motion to Dismiss, NWTS also requested that the Court award attorney's fees and costs pursuant to Federal Rule of Civil Procedure 11. Under Fed. R. Civ. P. 11(c)(3), "the court *may* award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion," if such an award is warranted. Fed. R. Civ. P. 11(c)(3) (emphasis added). NWTS has not adequately demonstrated that Plaintiff's conduct warrants sanctions as any Rule 11 violations on the part of Plaintiff are minimal. NWTS's request is thus DENIED.

## C. PLAINTIFF'S MOTION TO STRIKE

Plaintiff moved the Court to strike Defendants MERS and Wells Fargo's Memorandum in Support of its Motion to Dismiss and the Affadavit of Mr. Kenneth Howell in support of MERS and Wells Fargo's motion because MERS and Wells Fargo attached the incorrect deed of trust to its motion.

The Federal Rules of Civil Procedure provide that a court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). As pointed out by MERS and Wells Fargo, the incorrect deed of trust was inadvertently attached to the memorandum, but the relevant provisions of the incorrect deed of trust and the actual deed of trust referenced in MERS and Wells Fargo's memoranda contain the

same provisions. Accordingly, the incorrect deed of trust did not alter the Court's analysis of this matter. As such, Plaintiff's Motion to Strike is hereby DENIED.

## D. DEFENDANT M&T BANK'S MOTION TO DISMISS

Defendant M&T Bank filed its Motion to Dismiss and its Memorandum in Support of its Motion to Dismiss on February 25, 2011. M&T Bank then filed a supplement to its Memorandum in Support of its Motion to Dismiss on November 7, 2011. Plaintiff has not responded to either memoranda.

Having reviewed M&T Bank's motion and supporting memoranda, and for the reasons stated therein, the Court hereby GRANTS M&T Bank's unopposed Motion to Dismiss Plaintiff's complaint with prejudice.

## E. PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND

Plaintiff filed her Motion for Extension of Time to Respond to Defendants M&T Bank, Wells Fargo, and NWTS's motions to dismiss on April 11, 2011. M&T Bank filed its Opposition to Plaintiff's Motion for Extension of Time on April 14, 2011. Wells Fargo filed its Opposition to Plaintiff's Motion for Extension of Time on April 18, 2011. Plaintiff did not file a reply memorandum.

However, before the Court ruled on Plaintiff's Motion for Extension of Time to Respond, Plaintiff filed her memorandum in opposition to MERS and Wells Fargo's Motion to Dismiss on April 25, 2011, and her memorandum in opposition to NWTS's Motion to Dismiss on April 27, 2011. Plaintiff never filed an opposition to M&T Bank's Motion to Dismiss.

Having considered Plaintiff's opposition memorandum in the above motions, and having

ruled against Plaintiff in MERS, Wells Fargo, NSWTS, and M&T Bank's motions to dismiss, Plaintiff's Motion for Extension of Time to Respond is MOOT.

## II. CONCLUSION

Based on the analysis above, Defendants MERS and Wells Fargo's Motion to Dismiss Plaintiff's Complaint is GRANTED; Defendant Northwest Trustee Services Motion to Dismiss Plaintiff's Complaint is GRANTED; Defendant Northwest Trustee Services request for attorney's fees and costs is DENIED; Plaintiff's Motion to Strike is DENIED; Defendant M&T Bank's Motion to Dismiss Plaintiff's Complaint is GRANTED; and Plaintiff's Motion for Extension of Time to Respond is MOOT.

IT IS SO ORDERED.

DATED this 28 day of March, 2012.

Dee Benson
United States District Judge